# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 25-3107

———————————————

United States of America

*Plaintiff - Appellee*

v.

Andre McCoy

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

——————————

Submitted: July 30, 2026
Filed: August 12, 2026
[Unpublished]

——————————

Before LOKEN, L.R. SMITH, and BENTON, Circuit Judges.

——————————

PER CURIAM.

Andre McCoy appeals after he pled guilty to possessing a machinegun. The district court sentenced him to 18 months in prison, followed by one year of supervised release. On appeal, McCoy challenges the denial of his motion to suppress and argues that the oral pronouncement of a special condition about drug testing and treatment differed from the written judgment. Having jurisdiction under

28 U.S.C. § 1291, this court affirms the denial of the suppression motion, *see United States v. Guzman*, 926 F.3d 991, 997 (8th Cir. 2019) (standard of review), and remands with instructions to amend the written judgment to conform to the oral pronouncement. *See United States v. Mays*, 993 F.3d 607, 622 (8th Cir. 2021) (oral pronouncement of a special condition at sentencing controls a conflicting written judgment).

McCoy first contends that law enforcement lacked probable cause to arrest him without a warrant, tainting any consent to search his gun. *See Brown v. City of St. Louis*, 40 F.4th 895, 900 (8th Cir. 2022) (probable cause standard). However, based on the facts from the suppression hearing, this court concludes that by the totality of the circumstances, police had probable cause to arrest McCoy in connection with the homicide investigation. *See, e.g.*, *United States v. Perry*, 908 F.3d 1126, 1129 (8th Cir. 2018); *United States v. Jones*, 535 F.3d 886, 890 (8th Cir. 2008).

McCoy next asserts that the government did not sufficiently establish that he voluntarily consented to the search of his gun. *See United States v. Marr*, 176 F.4th 1065, 1072 (8th Cir. 2026) (warrantless search is valid if the person subject to search knowingly and voluntarily consents). McCoy provided knowing and voluntary consent, both at the scene and again at the substation, and did not affirmatively place a limit on the scope of this consent. *See United States v. Nevatt*, 960 F.3d 1015, 1020 (8th Cir. 2020) (credibility determination made after a hearing on the merits of a suppression motion is virtually unassailable on appeal); *United States v. Gastelum*, 11 F.4th 898, 904 (8th Cir. 2021) (court considers the totality of circumstances when assessing voluntary consent); *United States v. Beckmann*, 786 F.3d 672, 679 (8th Cir. 2015) (discussing limitations on scope of consent).

Finally, the written judgment states McCoy "must participate" in both drug treatment and testing as a special condition of supervised release. Because this conflicts with the oral pronouncement—which requires drug treatment "to the extent [McCoy] need[s] any" and drug testing "to the extent [he] need[s] to be checked

-2-

on"—this court remands for the district court to modify the written judgment to conform with the oral pronouncement of special condition S2 at sentencing. *See, e.g.*, *Mays*, 993 F.3d at 622.

The judgment is remanded to the district court for the narrow purpose of amending the written judgment as it relates to the drug testing and treatment special condition, but affirmed in all other respects.

———————————————